IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:23CR48 |
| v. | |
| ALEJANDRO ESCAMILLA, | ORDER |
| Defendant. | |

This matter is before the Court on Alejandro Escamilla's ("Escamilla"), *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Filing No. 62).

Escamilla pleaded guilty to a two-count Indictment (Filing No. 1). Count I charged him with conspiring to distribute and possess with intent to distribute 500 grams or more of a methamphetamine mixture or substance in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1) and 846. Count II alleged that he did knowingly use and carry a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A). Escamilla pleaded guilty to Count I on January 5, 2024, and to Count II on April 11, 2024. Escamilla was sentenced on August 2, 2024, to 168 months on Count I and 60 months on Count II, to be served consecutively (for a total of 228 months).

The government filed a brief in response (Filing No. 63) to Escamilla's motion. The matter is now ripe for decision.

Escamilla claims:

I have been informed that the U.S. Sentencing Commission has recently made an amendment to the U.S.S.G. Manual, specifically to Chapter 4, §4A1.1(d). As applied the amendment allows for a two level decrease to defendents [sic] originally senteced [sic] offense level. The retroactive application was passed on November 1st with an expected implementation date of February 1st, 2024.

(Filing No. 62 at 1). The Court has viewed Escamilla's submission along with the court file and specifically the Revised Presentence Investigation Report ("RPSR") (Filing No. 60). A review of the RPSR reveals that Escamilla was not assessed any criminal history points. The two-level adjustment he is seeking is likely referring to the "zero-point offender" provisions of U.S.S.G. § 4C1.1. Unfortunately for Escamilla, however, Count II of the Indictment was a firearms offense under § 924(c)(1)(A). As a result, Escamilla does not qualify for zero-point offender relief. *See* U.S.S.G. § 4C1.1(7).

Escamilla's request for relief is therefore denied.

IT IS SO ORDERED.

Dated this 21st day of January 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge